**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1.      Plaintiff David Moore brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Portfolio Recovery Associates, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue and personal jurisdiction in this District are proper because:

a.      Defendant's collection communications were received by plaintiff within this District;

b.      Defendant does or transacts business within this District.

## PARTIES

4.      Plaintiff David Moore is an individual who resides in the Northern District

1

of Illinois.

5.      Defendant Portfolio Recovery Associates, LLC is a limited liability company with offices at 120 Corporate Boulevard, Norfolk, VA, 23502.

6.      Portfolio Recovery Associates, LLC is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

7.      Portfolio Recovery Associates, LLC is a debt collector as defined in the FDCPA.

**FACTS**

8.      On or about February 17, 2010,  defendant Portfolio Recovery Associates, LLC sent plaintiff the letter attached as Exhibit A, seeking to collect a credit card debt allegedly incurred for personal, family or household purposes.

9.      On February 24, 2010, plaintiff's attorney sent a letter to defendant Portfolio Recovery Associates, LLC advising that plaintiff was represented and asking for verification of the debt. A copy of the letter and facsimile transmission report is attached as Exhibit B.

10.      On or about April 13, 2010,  defendant Portfolio Recovery Associates, LLC sent plaintiff, directly, the letter attached as Exhibit C.

11.      On  April 13, 2010, plaintiff's attorney sent a second letter to defendant Portfolio Recovery Associates, LLC advising that plaintiff was represented and asking for verification of the debt. A copy of the letter and facsimile transmission report is attached as Exhibit D.

12.      On April 20, 2010, plaintiff's attorney again sent a letter to defendant Portfolio Recovery Associates, LLC advising that plaintiff was represented and asking for

verification of the debt. A copy of the letter and facsimile transmission attached as <u>Exhibit E</u>.

13.    On May 25, 2010, plaintiff, directly, received a telephone call from

defendant Portfolio Recovery Associates, LLC. The message was as follows:

> **Please return my call at 1 800 860-0644 at your earliest convenience. This is a call from Portfolio Recovery Associates. Again that number is 1 800 860-0644. This communication will be with a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**

14.    Plaintiff was harassed and annoyed by the defendant's continued

communications.

### COUNT I - FDCPA

15.    Plaintiff incorporates ¶ 1-14.

16.    Defendant violated 15 U.S.C. §1692c by containing a represented party

directly

17.    Section 1692c provides:

> **§1692c. Communication in connection with debt collection**

> **(a) Communication with the consumer generally. Without the prior consent of the con consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-**

>> **. . .    (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against

defendant for:

(1)    Statutory and actual damages;

(2)     Attorney's fees, litigation expenses and costs of suit;

(3)     Such other and further relief as the Court deems proper.

<u>s/ Daniel A. Edelman</u>

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

t:22273\pleading\complaint_pleading.wpd

4

**JURY DEMAND**

Plaintiff demands trial by jury.

s/ Daniel A. Edelman

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)